IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

CHADWICK KNOLTON,

   Plaintiff,

V.

MATTHEW MOULTON, *et al.*,

   Defendants.

NO. 5:25-cv-00255-TES-CHW

## ORDER

I.   Complaint

*Pro se* Plaintiff Chadwick Knolton, who is currently in the Houston County Detention Center in Perry, Georgia, has filed a handwritten document that was docketed in this Court as a complaint under 42 U.S.C. § 1983.[1] ECF No. 1. Plaintiff did not, however, submit his pleading on the required § 1983 complaint form. Accordingly, Plaintiff is now **ORDERED** to recast his complaint on a standard form.

Plaintiff's allegations in the handwritten document appear to relate largely to his criminal conviction. To the extent that Plaintiff is attempting to challenge the legality of his confinement, he must proceed through a petition for a writ of habeas corpus. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) ("[W]hen a state prisoner is challenging

---

[1] Mail sent to Plaintiff at the Houston County Detention Center was returned to this Court on July 8, 2025, with a notation that it had been refused. ECF No. 3. Plaintiff subsequently filed a new document in this case, however, suggesting that he intends to move forward with this case. ECF No. 4. Plaintiff is cautioned that he must accept all mail from this Court in order for this case to proceed.

the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus."). The Court notes that Plaintiff has a pending habeas corpus case. *See Knowlton v. Moulton*, Case No. 4:25-cv-00242-CDL-AGH. If Plaintiff is only seeking to challenge his conviction or incarceration, he may file a notice to voluntarily dismiss this case and proceed with any claims challenging his conviction and incarceration in his habeas proceeding.

If, instead, Plaintiff is attempting to raise civil rights claims relating to the conditions of his confinement, he must file a recast complaint and either pay the filing fee or move for leave to proceed in forma pauperis, as set forth in this order.

The recast complaint must contain a caption that clearly identifies, by name, each individual that Plaintiff has a claim against and wishes to include as a defendant in this action. Plaintiff is to name only the individuals associated with the claim or related claims that he is pursuing in this action. Plaintiff must then tell the Court exactly how each individual defendant violated his constitutional or federal statutory rights, including (1) what each defendant did (or did not do) to violate his rights; (2) when and where each action occurred; and (3) how Plaintiff was injured as a result of each defendant's actions. Plaintiff must complete the entire complaint form.

Plaintiff's recast complaint **shall take the place of and supersede all allegations made in the original pleading**. The Court will only consider the factual allegations and claims contained in Plaintiff's recast complaint on the enclosed § 1983 form. Thus, any fact Plaintiff deems necessary to his lawsuit should be clearly stated in his recast complaint,

even if Plaintiff has previously alleged it in another filing. Plaintiff's recast complaint shall not exceed ten pages.

II. Filing Fee

When he filed the complaint, Plaintiff did not pay the $405.00 filing fee for this case or move for leave to proceed *in forma pauperis*. Therefore, Plaintiff is **ORDERED** to either pay the $405.00 filing fee or submit a properly completed motion to proceed *in forma pauperis*. Plaintiff must complete the entire *in forma pauperis* application by filling out the motion and declaration as well as submitting "a certified copy of [his] trust fund account statement (or institutional equivalent) . . . for the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2).

III. Appointment of Counsel

In his initial pleading, Plaintiff appears to be requesting that counsel be appointed to him in this case. ECF No. 1 at 4. Plaintiff asserts that he has mental health issues and needs counsel to assist with his case. *Id.*

A district court "may request an attorney to represent any person unable to afford counsel."[2] 28 U.S.C. § 1915(e)(1). There is, however, "no absolute constitutional right to the appointment of counsel" in a § 1983 lawsuit. *Poole v. Lambert*, 819 F.2d 1025,

---

[2] The statute, however, does not provide any funding to pay attorneys for their representation or authorize courts to compel attorneys to represent an indigent party in a civil case. *See Mallard v. U.S. Dist. Ct. for S. Dist. of Iowa*, 490 U.S. 296, 310 (1989); *Taylor v. Pekerol*, 760 F. App'x 647, 651 (11th Cir. 2019) (per curiam) (citations omitted) (stating that the district court has no "inherent power" to compel counsel to represent a civil litigant and § 1915(e)(1) provides no such authority).

1028 (11th Cir. 1987) (per curiam) (citations omitted). Appointment of counsel is "instead a privilege that is justified only by exceptional circumstances, such as where the facts and legal issues are so novel or complex as to require the assistance of a trained practitioner." *Id.* (citations omitted). In determining whether a case presents extraordinary circumstances, the Court considers

> (1) the type and complexity of the case; (2) whether the plaintiff is capable of adequately presenting his case; (3) whether the plaintiff is in a position to adequately investigate the case; (4) whether the evidence "will consist in large part of conflicting testimony so as to require skill in the presentation of evidence and in cross examination"; and (5) whether the appointment of counsel would be of service to the parties and the court "by sharpening the issues in the case, shaping the examination of witnesses, and thus shortening the trial and assisting in a just determination." The District Court may also inquire into whether the plaintiff has made any effort to secure private counsel.

*DeJesus v. Lewis*, 14 F.4th 1182, 1204-05 (11th Cir. 2021) (quoting *Ulmer v. Chancellor*, 691 F.2d 209, 213 (5th Cir. 1982)).

The Court has considered Plaintiff's request and—after applying the factors set forth above—concludes that appointed counsel is not justified. Plaintiff's case does not appear to be complex and does not otherwise present the type of extraordinary circumstances necessary to warrant the appointment of counsel at this stage of the proceeding. Plaintiff, "like any other litigant[], undoubtedly would [be] helped by the assistance of a lawyer, but [his] case is not so unusual" that appointed counsel is necessary. *Bass v. Perrin*, 170 F.3d 1312, 1320 (11th Cir. 1999).

Accordingly, Plaintiff's request for appointed counsel is **DENIED**. Should it later become apparent that legal assistance is required in order to avoid prejudice to Plaintiff's

rights, the Court, **on its own motion**, will consider assisting him in securing legal counsel at that time. Consequently, there is no need for Plaintiff to file additional requests for counsel.

    IV.    Motion for Hearing

Plaintiff has filed a motion for a hearing, in which he asserts that his mother died and the Sheriff of Taylor County would not allow Plaintiff to attend the burial. ECF No. 4 at 1. Plaintiff contends that he has been harassed over the last three years and that the district attorney in Columbus is corrupt. *Id.* Plaintiff also states that the district attorney tried to have Plaintiff's lawyer pick a jury while Plaintiff was not present. *Id.* He says that the judge was going to allow him to be convicted without any physical evidence and with Plaintiff not present in the courtroom. *Id.*

Plaintiff asks for an injunction hearing. *Id.* It appears that he is requesting a preliminary injunction, although it is not entirely clear what behavior Plaintiff is asking this Court to enjoin. A temporary restraining order ("TRO") or preliminary injunction is a drastic remedy used primarily to preserve the status quo rather than to grant most or all of the substantive relief sought in the complaint. *See, e.g., Cate v. Oldham*, 707 F.2d 1176, 1185 (11th Cir. 1983); *Fernandez-Roque v. Smith*, 671 F.2d 426, 429 (11th Cir. 1982).[3] Factors a movant must show to be entitled to a TRO include: "(1) a substantial likelihood of ultimate success on the merits; (2) the TRO is necessary to prevent irreparable injury;

---

[3] The standard for obtaining a TRO is the same as the standard for obtaining a preliminary injunction. *See Parker v. State Bd. of Pardons & Paroles*, 275 F.3d 1032, 1034-35 (11th Cir. 2001) (per curiam); *Windsor v. United States*, 379 F. App'x 912, 916-17 (11th Cir. 2010) (per curiam).

5

(3) the threatened injury outweighs the harm the TRO would inflict on the non-movant; and (4) the TRO would serve the public interest." *Ingram v. Ault*, 50 F.3d 898, 900 (11th Cir. 1995) (per curiam).

At this stage of the proceeding, it is not clear what claims Plaintiff intends to raise in this case or what he is seeking an injunction to prevent. Thus, Plaintiff has not demonstrated that any of the factors weigh in favor of granting an injunction at this time. It is therefore **RECOMMENDED** that his motion for an injunction be **DENIED**.

V.   Motion for Local Rules

In his motion for a hearing, Plaintiff also requests a copy of the Local Rules. This part of the motion is **GRANTED**, and the clerk is **DIRECTED** to forward Plaintiff a copy of the Local Rules for the Middle District of Georgia with his copy of this order.

VI.   Conclusion

Therefore, as set forth above, Plaintiff's request for appointment of counsel is **DENIED**, and his motion for a copy of the Local Rules is **GRANTED**. It is also **RECOMMENDED** that Plaintiff's motion for an injunction be **DENIED**.

Additionally, Plaintiff is **ORDERED** to (1) refile his complaint on the Court's standard § 1983 form, and (2) either pay the $405.00 filing fee or submit a properly completed motion to proceed *in forma pauperis*. Plaintiff shall have **FOURTEEN (14) DAYS** from the date of this order to file his recast complaint and either pay the filing fee or move for leave to proceed *in forma pauperis*. Plaintiff's failure to fully and timely comply with this order may result in the dismissal of this action. Additionally, Plaintiff

6

must immediately inform the Court in writing of any change in his mailing address, and his failure to do so may result in dismissal of this action.

The **CLERK** is **DIRECTED** to mail Plaintiff a standard 42 U.S.C. § 1983 complaint form, and a copy of the Court's standard *in forma pauperis* application and associated documents with this Order.

**SO ORDERED and DIRECTED**, this 12th day of September, 2025.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge
